When a creditor lets his debt stand for ten years, during all which time nothing is said or done in regard to it, from public policy, the law raises a presumption that it has been paid, and gives to the lapse of time anartificial and technical weight, beyond that which it would naturally have as a mere circumstance bearing upon the question of payment. But it is well settled that this presumption may be repelled; and it is a question of lawfor the Court what circumstances, if true, are sufficient to repel it. There can be no doubt that proof that the debtor was, during all the time,unable to pay the *Page 508 
debt, or any part thereof, is sufficient, if true, to repel the presumption, because it amounts to a demonstration that it has not been paid. So, I take it, there can be no doubt that proof that the debtor, from the year 1842, when he was sold out, up to the year 1849, was unable to pay the debt, or any part thereof, repels the presumption that it was paid during that time; and although, without explanatory evidence, the lapse of time from 1842 to 1853, when the writ issued, would have raised the presumption, yet, the first seven years of the time being disposed of, it being demonstrated that during those years there had been no payment, it follows, conclusively, that the presumption is completely repelled, inasmuch as the lapse of the last four years cannot raise it.
There is another view. The creditor having, in 1842, taken judgment, and by means of executions, enforced the payment of all that could be made, shows himself vigilant; and proof of the debtor's inability to pay, up to the year 1849, accounts for his inactivity during that time, because any further steps would have been both useless and expensive. It is surely unreasonable to have a presumption running against him while it was out of his power to compel the debtor to pay, or renew the evidence of debt, or even to acknowledge it. Under such circumstances, the most vigilant of creditors would have forborne further proceedings. So, the presumption of payment has nothing to support it but the lapse of the last four years.
PER CURIAM. Judgment affirmed.